I entirely concur in the opinion of the justices delivered at the general term, when this case was decided. By the terms of the trust deed the trustee was to receive the rents and profits of the lands, and to pay them over to Mrs. Blakeman, to her separate use during her life. This was a valid trust under the 3dsubdivision of section 55, 1 R.S. 728, and was so held by this court in Leggett v. Perkins. (2 Comst. 397.) The whole estate, both in law and equity, was vested in the trustee. (1R.S. 729, § 60.) By the same section it is declared that thecestui que trust could not take any estate or interest in the lands, but could only enforce the performance of the trust. The bill filed by the plaintiff alleges, that a creditor of her husband had filed a bill against her husband and herself, and sought to set aside the trust deed, so as to make the property liable for her husband's debts, and that he rendered services as solicitor and counsel, in defence of that suit and others of a like nature. He was aware, when he rendered those services, that all the estate or interest which Mrs. Blakeman had in those lands was by virtue of this trust deed, which the law declared to be no estate or interest whatever, either legal or equitable, but that the whole estate was in her trustee, whose duty it was to protect it, if attacked. Nothing short of a retainer by the trustee could entitle the plaintiff to recover for services rendered in the defense of such an estate. The plaintiff can recover, if at all, solely on the ground that Mrs. Blakeman has a separate estate
in those lands, by virtue of the trust deed. Now, to call this a separate estate, where the law declares that it is neither an estate or interest, in law or in equity, seems to me to be a contradiction in terms. In England where the rule was first laid down by Lord Hardwicke, in Peacock v. Monk, (2 Ves. sen. 190,) it was upon the ground that the wife had a separate estate, which could not be charged with her husband's debts, and which she was free to alienate and dispose of, without any control or interference on the part of her husband. By an examination of the English cases which followed and adopted this decision, I find they were all cases where the wife's estate was *Page 582 
such that she had power to sell and convey it as her separate property, which necessarily included the power to charge it with the payment of debts. (Hume v. Tenant, 1 Bro. Chan. Cas. 16; S.C. 2 Dickens, 560; Fettiplace v. Gorges, 1 Ves.jr. 46; S.C. 3 Bro. Chan. Cas. 8; Essex v. Atkins, 14Ves. 542; Heatley v. Thomas, 15 Ves. 596.) The courts have never shown any disposition to extend this rule to a case where there was the least doubt as to the existence of the wife's separate estate, but rather to limit or qualify it. Our own courts in adopting the rule have evidently made this the foundation of it, and have never extended it to any case where the wife had not the complete power of alienating the estate. (Jaques v. Meth. Episc. Church, 17 John. 548; North Amer.Coal Co. v. Dyett, 7 Paige, 9; S.C. 20 Wend. 570;Gardner v. Gardner, 7 Paige 112; Cumming v. Williamson,
1 Sand. Ch. Rep. 17; Curtiss v. Engel, 2 Id. 287.) The plaintiff on the argument cited the case of the Firemen'sInsurance Company of Albany v. Bay, (4 Barb. 407,) as authority to show that Mrs. Blakeman by the trust deed had a separate estate in these lands. The ruling in that case, although there are some unguarded expressions in defining what is a separate estate, and which were not necessary to the decision, is nevertheless in unison with the other cases to which I have referred. In that case the father devised lands to trustees for the benefit of his daughter, and they were authorized and empowered by the will, "from time to "time, to sell and dispose of such parts of his real estate, in "fee simple or otherwise, as his daughter, by writing under her "hand, should from time to time request or desire, and pay the "proceeds over to her, for her separate use, notwithstanding "her corverture." The only question before the court, was, whether she could mortgage those lands without her husband joining in the mortgage. That trust was created prior to the adoption of the revised statutes, when such a trust was valid; and as the law then stood, the cestui quetrust, by force of the terms of the devise possessed the whole equitable interest in the estate. It will be seen here that she virtually had the *Page 583 
power of disposing of it at her pleasure, as she had but torequest her trustees in writing to sell any part of it, and they were bound to do so, and to pay the proceeds over to her for her separate use. (Hill on Trustees, 421; Story's Eq. Jur. § 1, 388; 17 John. 548.) The court, therefore, might well decide, that she so far had a separate estate in those lands, that she could encumber them by mortgage, without the formality of her husband's joining in the mortgage, as he had no estate or interest in the lands to be encumbered. This is no authority for the plaintiff, for the facts show that it had the essential elements to constitute it a separate estate in the wife, to wit, the power to dispose of or sell it, through the medium of trustees, and to take the whole proceeds to her separate use. I have been unable to find any adjudged case, where the property of a married woman has been held liable for her debts not contracted before marriage, unless she had a separate estate with the power of disposing of it as if she were a feme sole, and I am not disposed, even if the question was now open, to extend the rule. The next question is as to the income, rents and profits of the lands. Has the wife such a separate estate in them that she can charge them with the payment of her debts? By § 63, 1 R.S. 730, it is enacted, that, "no person beneficially interested "in a trust for the receipt of the rents and profits of lands, can "assign or in any manner dispose of such interest." Looking at the reason, and the ground upon which the rule was first established by the courts, and which has since been steadily adhered to, it seems to me that the bare reading of this section would be sufficient to satisfy any one, that a person possessed of such an estate, could not charge it with the payment of his debts. But without enlarging upon this point, it is sufficient that it has been decided in the court of chancery in the case ofL'Amoreux v. Van Rensselaer, (1 Barb. Ch. Rep. 34.) That was a case, where the trust was in terms similar to the present. The chancellor in his opinion says, "the cestui que trust could "not assign, dispose of, or in any manner mortgage or pledge "her interest in the trust property, or in the future income *Page 584 
"thereof; nor could she contract any debt, which could create "a lien upon such future income, so as to authorize the creditor "to reach such income, either at law or equity." Without going through with the reasoning of the chancellor upon this point, which to me is perfectly conclusive, I am satisfied that this decision carries out the true spirit and intent of the statute, and that it ought to be adopted as the rule in this case. Assuming then that the plaintiff proved a retainer in the two first suits from Mrs. Blakeman, as there is no evidence of any employment or assent on the part of the trustee, the plaintiff cannot recover the costs in those suits, and the judgment of the general term in regard to them must be affirmed. In the other suits he was employed by the trustee, as well as by Blakeman and wife. As I have before said, it was the duty of the trustee to defend any suits by which the trust estate was attacked, and the employment of counsel for this purpose was in the line of his duty and eminently proper for the protection of the estate. The law allows him to reimburse himself out of the rents and profits of the estate. (Hyde v. Haywood, 2 Atk. 126; Balsh v.Hyam, 1 P. Will. 455; Worrall v. Harford, 8 Ves. 8;Dawson v. Clarke. 18 Ves. 254.) The judgment of the superior court allowing the plaintiff to recover his costs and counsel fees in the two last suits, must be affirmed, without costs.
RUGGLES, Ch. J. and JOHNSON, J. concurred in the conclusions arrived at in the foregoing opinions.
EDMONDS, J. declared his opinion in favor of reversing the judgment of the superior court, so far as it modified the judgment of the supreme court, and of affirming the judgment of the supreme court.
GARDINER and JEWETT, Js. were for reversing the judgments, both of the supreme and superior courts, and dismissing the bill of complaint, on the ground that the trustee could not avoid personal responsibility, and create a lien on the trust estate for the expenses attending its preservation.
Judgment affirmed. *Page 585